UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSHALL B. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-01698-TWP-MJD |
| | ) |
| EXPRESS SCRIPTS HOLDING, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR RECONSIDERATION**

This matter is before the Court on a Motion for Reconsideration filed by Defendant Express Scripts Holding Company ("Express Scripts") (Filing No. 64). Following a motion for summary judgment filed by Express Scripts, the Court entered summary judgment in favor of Express Scripts on Plaintiff Marshall Tucker's ("Tucker") claims for retaliation and harassment but denied summary judgment on Tucker's claim for race discrimination under Title VII and Section 1981 (Filing No. 63). Express Scripts asks the Court to reconsider the summary judgment Order regarding the race discrimination claim. For the following reasons, the Court **DENIES** the Motion for Reconsideration.

**I.   LEGAL STANDARD**

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b), as no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e).  Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e).  *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009).  The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  A manifest error "is not demonstrated by the disappointment of the losing party.  It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. DISCUSSION

Express Scripts asks the Court to reconsider its summary judgment decision regarding Tucker's race discrimination claim brought pursuant to Title VII and Section 1981. Express Scripts explains that,

> While Defendant does not concede that Plaintiff established any disputed material facts supporting a *prima facie* case of race discrimination, that finding is not material to this motion. Rather, Defendant seeks reconsideration of the Court's second and third steps in the analysis, namely Defendant's proffered legitimate reason for termination, and Plaintiff's burden of proving that reason pretextual.

([Filing No. 65 at 5](Filing No. 65 at 5).) Express Scripts further claims, "[i]n addition, the Court has overlooked Plaintiff's ultimate burden of persuasion as to discriminatory motive throughout the burden-shifting analysis." *Id.* at 6.

In arguing that the Court should reconsider its summary judgment ruling on the race discrimination claim, Express Scripts asserts that the Court adopted Tucker's mischaracterization of the evidence, thereby misunderstanding Express Scripts' proffered reason for Tucker's termination and misconstruing the pretext issue.

Express Scripts points to other cases within the Seventh Circuit and notes that the other courts held that employers' reorganization, reduction in force, or financial difficulties were legitimate reasons for termination. Express Scripts then goes on to distinguish "position" from "duties" and asserts that a "position" can be eliminated and the duties of a laid-off employee can

be absorbed by a retained employee. It explains that such is the case here; Tucker's position was eliminated, and another supervisor absorbed Tucker's duties. Express Scripts then asserts that, "[b]ound by the above precedents and undisputed evidence, this Court should hold that Express Scripts' proffered reason to terminate Tucker was the RIF resulting from its reorganization." (Filing No. 65 at 11.)

In this case, the Court did determine that Express Scripts' proffered reason for Tucker's termination—a reduction in force—was a legitimate reason for termination. The Court specifically held, "Express Scripts asserts that it terminated Tucker because of its nationwide RIF following acquisition of Medco. This is a legitimate, non-discriminatory reason for the termination." (Filing No. 63 at 12.) This was a determination favorable to Express Scripts. Express Scripts' request to reconsider the summary judgment Order on the basis of the proffered reason for Tucker's termination does not warrant reconsideration and reversal of the summary judgment decision.

Express Scripts claims that "Tucker's only argument for pretext goes to the reasonableness of Express Scripts' realignment of duties among the three supervisors . . . essentially asking the Court to 'act as a super personnel department' to second-guess Express Scripts' business judgment," which the Court cannot do. (Filing No. 65 at 12.) Contrary to Express Scripts' characterization of Tucker's pretext argument, Tucker did not ask the Court to judge the reasonableness of Express Scripts' business judgment. Rather, Tucker argued that Express Scripts' explanation for his being laid off was not based in fact. Express Scripts explained that, through its reduction in force, Tucker's position was being eliminated, and Tucker designated evidence that his position was not eliminated, and thus, Express Scripts' explanation was not based in fact.

4

In its request for reconsideration, Express Scripts seems to ask the Court to view the designated evidence in a light more favorable to Express Scripts or to weigh the conflicting designated evidence. However, the well-established standard for summary judgment is that the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor," *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted), and does not weigh the evidence. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).

As the Court noted in its summary judgment decision, "[t]hough a plaintiff has the burden of proof on the issue of pretext, at this stage, it is sufficient to merely cast doubt on the veracity of the employer's stated reason." (Filing No. 63 at 12, citing *Stumpf v. Thomas and Skinner, Inc.*, 770 F.2d 93, 98 (7th Cir. 1985)). Tucker satisfied that summary judgment burden through the designated evidence. Reconsideration on the basis of the pretext analysis is not warranted.

Lastly, Express Scripts claims that the Court overlooked Tucker's ultimate burden of persuasion as to discriminatory motive throughout the burden-shifting analysis. The Court notes that the Seventh Circuit very plainly explained:

> [I]t is not true that to get over the hurdle of summary judgment a plaintiff must produce the equivalent of an admission of guilt by the defendant. All that is required is evidence from which a rational trier of fact could reasonably infer that the defendant had fired the plaintiff because the latter was a member of a protected class.

*Troupe v. May Dep't Stores Co.*, 20 F. 3d 734, 737 (7th Cir. 1994).

Furthermore, the Seventh Circuit very recently reaffirmed and clarified that regardless of whether a plaintiff uses the direct method, indirect method, or both methods of proof for his employment discrimination claim, "the legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other

5

proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The sole question that matters is whether a reasonable juror could conclude that the plaintiff would have kept his job if he was a different race and everything else had remained the same. *See Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe*, 20 F.3d at 736–37. Express Scripts demands more of Tucker at the summary judgment stage than what is required by law. Tucker has designated sufficient evidence to allow his claim for race discrimination to be decided by a jury, not by the Court on summary judgment.

### III.  CONCLUSION

For the foregoing reasons, Defendant Express Scripts Holding Company's Motion for Reconsideration ([Filing No. 64](#)) is **DENIED**.

**SO ORDERED.**

Date: 12/6/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jia Li
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
jia.li@ogletreedeakins.com

Todd M. Nierman
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
todd.nierman@ogletreedeakins.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@stowersandweddle.com